John B. Sganga, Jr. (SBN 116,211)
john.sganga@knobbe.com
Matthew S. Bellinger (SBN 222,228)
matt.bellinger@knobbe.com
Justin J. Gillett (SBN 298,150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
ULTHERA, INC.

Songfong Tommy Wang (SBN 272,409)
twang@thewangiplaw.com
Leontyne Fan (SBN 285,042)
lfan@thewangiplaw.com
WANG IP LAW GROUP, P.C.
18645 E. Gale Ave., Suite 205
City of Industry, CA  91748

Attorneys for Defendant
NAOKO MARQUEZ

E-FILED 12/5/17

JS-6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTHERA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NAOKO MARQUEZ, an individual, a/k/a Quena Marquez and d/b/a Vortex Advanced Esthetics & Spa, Bijouxx Organic Spa and Ultherapy Room,<br><br>Defendants. | Case No.  2:16-CV-07518-PSG-SS<br><br>**CONSENT JUDGMENT**<br><br>Honorable Philip S. Gutierrez |

Plaintiff Ulthera, Inc. ("Plaintiff") and Defendant Naoko Marquez a/k/a Quena Marquez and d/b/a Vortex Advanced Esthetics & Spa, Bijouxx Organic Spa and Ultherapy Room (collectively, "Defendant"), in settlement of this matter, consent and agree to the terms and conditions of this Final Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      This Court has original subject matter jurisdiction over Plaintiff's claims that relate to trademark infringement, trademark counterfeiting, and false designation of origin pursuant to 15 U.S.C. §§ 1116 and 1121(a). The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's remaining claims which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

3.      Plaintiff Ulthera, Inc. is a Delaware corporation having its principal place of business in Mesa, Arizona.

4.      Defendant Naoko Marquez is also known as Quena Marquez and is an individual residing in this Judicial District. Defendant Naoko Marquez is doing business or has done business under or through the fictitious business names Vortex Spa or Vortex Advanced Esthetics & Spa, Bijouxx Organic Spa, and Ultherapy Room.

5.      Plaintiff is the owner of the following U.S. Trademark Registrations for the ULTHERA® and ULTHERAPY® marks ("the Ulthera Marks"): U.S. Trademark Reg. Nos. 3,747,151 (ULTHERA®), 4,237,131 (ULTHERA®), and 3,890,441 (ULTHERAPY®). Only Plaintiff's authentic

ULTHERA® System is used to perform the ULTHERAPY® ultrasound procedure.

6.      Without permission or consent from Plaintiff, Defendant has used the Ulthera Marks in connection with advertising, selling, and performing ultrasound procedures. While Defendant advertised, sold, and performed procedures using the Ulthera Marks, the services advertised and provided by Defendant were not, in fact, authentic ULTHERAPY® procedures. Defendant used a non-genuine machine, marked with counterfeit copies of the ULTHERA® mark, to perform those services. To resolve this lawsuit, the Defendant has agreed and consented to the entry of this Consent Judgment with regard to all claims and causes of action set forth in the Complaint (ECF Doc. No. 1).

**NOW, THEREFORE, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AS FOLLOWED:**

A.      Final judgment is entered in favor of Plaintiff and against Defendant on Plaintiff's claims for: 1) trademark counterfeiting under 15 U.S.C. § 1114, 2) trademark infringement under 15 U.S.C. § 1114, 3) false designation of origin under 15 U.S.C. § 1125(a), 4) unfair competition under California Business & Professions Code §§ 17200 *et seq.*, and 5) unfair competition under the common law of the State of California.

B.      Defendant and all entities through which Defendant conducts business, any officers, principals, agents, servants, employees, successors, and/or assigns thereof, and all other persons in active concert or participation with any of them who receive actual notice of this injunction by personal service or otherwise, are permanently restrained and enjoined from:

    i.    using the Ulthera Marks without Plaintiff's written permission, with Defendant's products or services, in advertising, promoting, performing, selling, or offering to sell Defendant's products or services, and/or using confusingly similar variations of the Ulthera

Marks in any manner that is likely to create the impression that Defendant or Defendant's products or services originate from Plaintiff, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

    ii.   distributing, shipping, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell products or services bearing the Ulthera Marks without Plaintiff's written permission, and/or any confusingly similar marks;

    iii.   otherwise infringing the Ulthera Marks;

    iv.   falsely designating the origin of Defendant's products or services as originating from Ulthera;

    v.   unfairly competing with Plaintiff in any manner related to the Ulthera Marks; and

    vi.   causing a likelihood of confusion or injury to Plaintiff's business reputation.

C.    Within five (5) business days after entry of this Final Consent Judgment and Permanent Injunction, Defendant shall deliver to counsel for Plaintiff all literature, advertising, goods (including, but not limited to, the device shown in Paragraph 29 of Plaintiff's Complaint), and other materials displaying any of the Ulthera Marks.

D.    Defendant shall serve on Plaintiff within fourteen (14) business days after the date of this Order, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with this injunction.

E.    This Court shall retain jurisdiction over this matter for all purposes, including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

F.    The parties agree to submit to the personal jurisdiction of this Court and to venue in this Court in connection with this matter for all purposes,

including for the purpose of enforcing the terms and provisions of this Final Consent Judgment and Permanent Injunction.

      G.    This is a final judgment. Any other remaining claims and defenses, to the extent not otherwise addressed above by this Consent Judgment, are hereby dismissed.

      H.    Each party shall bear their own costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated:    12/5/17

Hon. Philip S. Gutierrez
United States District Judge

-4-

APPROVED AS TO FORM:


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: November 28, 2017   By: */s/ Matthew S. Bellinger*
                    John B. Sganga, Jr.
                    Matthew S. Bellinger
                    Justin J. Gillett

                    Attorneys for Plaintiff
                    ULTHERA, INC.


Dated:  November 28, 2017   By: */s/ SongFong Tommy Wang* (with permission)
                    SongFong Tommy Wang
                    Leontyne Fan

                    Attorneys for Defendant,
                    NAOKO MARQUEZ